## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| IWONA KRUCZEK, | DOCKET NUMBER |
| Appellant, | AT-0752-24-0658-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 10, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun C. Southworth, Esquire, Atlanta, Georgia, for the appellant.

Laura Taber-Baggio, Esquire, St. Petersburg, Florida, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal from her Diagnostic Radiology Technologist position at an agency medical center based on charges of absence without leave (AWOL) and failure to follow leave requesting procedures. On petition for review, the appellant continues to argue that the change in her tour of duty to include a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Sunday shift was improper. She also argues that the administrative judge erred in his analysis of her claim of reprisal based on union activity and the penalty of removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the agency proved the AWOL and failure to follow leave requesting procedures charges by preponderant evidence.[2] Initial Appeal File (IAF), Tab 28 at 3-5. Although the appellant continues to assert on review that the underlying change in her tour of duty to include a Sunday shift, which ultimately led to her misconduct, was improper and

---

[2] The appellant argues on review that the administrative judge erred in not merging the AWOL and failure to follow leave requesting procedures charges. Petition for Review File, Tab 3 at 13-14. The Board will merge charges if they are based on the same conduct and proof of one charge automatically constitutes proof of the other charge. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 10 (2014). We need not determine whether the charges merge in this appeal because, regardless of the resolution of that issue, removal was an appropriate penalty. Accordingly, to the extent the administrative judge erred in not merging the charges at issue here, any such error does not prejudice the appellant's substantive rights and therefore does not require reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

in violation of the applicable collective bargaining agreement (CBA), we agree with the administrative judge that the appellant had a duty to obey the instruction to report for Sunday shifts and grieve any disagreement with that instruction later. ID at 19-20; *see Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 16 (2009), *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009); *Cooke v. U.S. Postal Service*, 67 M.S.P.R. 401, 407-08 (1995), *aff'd*, 73 F.3d 380 (Fed. Cir. 1995) (Table). To the extent the appellant argues that this change in her tour of duty constitutes harmful procedural error, she has not identified any basis on review to disturb the administrative judge's finding that she failed to prove such a claim. *See* ID at 17-20.

We also agree with the administrative judge's conclusion that the appellant failed to prove her affirmative defenses of reprisal for engaging in equal employment opportunity (EEO) and union activity. Her arguments on review regarding reprisal for union activity do not provide a basis to disturb the initial decision.[3] The administrative judge also correctly found that the penalty of removal for the sustained misconduct promotes the efficiency of the service and is reasonable. Accordingly, we affirm the initial decision.

---

[3] To the extent the administrative judge erred in finding that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(B), thereby implicating the whistleblower protection analytical framework set forth in 5 U.S.C. § 1221(e), we find that the appellant's reprisal claim for union activity would similarly fail under the general reprisal standard set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986). Indeed, we discern no error in the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have removed the appellant even in the absence of her protected activity, and that such a finding naturally tends to preclude a finding that the appellant proved by preponderant evidence that there was a genuine nexus between the alleged retaliation and her removal. *See Warren*, 804 F.2d at 656-58; *see Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016) (explaining that, to prove a claim of reprisal not related to whistleblowing, the appellant must show that, among other things, there was a genuine nexus between the alleged retaliation and the adverse action); *see also* 5 C.F.R. § 1209.4(e) (defining clear and convincing evidence as evidence that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established and explaining that clear and convincing evidence is a higher standard than preponderant evidence).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.